IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LOTTIE MARIE FROST                                              PLAINTIFF

vs.                            Civil No. 1:11-cv-01050

MICHAEL J. ASTRUE                                        DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Lottie Marie Frost ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 3.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**       **Background:**

Plaintiff protectively filed her disability application on December 1, 2009.  (Tr. 8, 143-146).  In this application, Plaintiff claims to be disabled due to "arthritis all over," chest pain, and high blood pressure.  (Tr. 160).  Plaintiff alleges an onset date of July 31, 2009.  (Tr. 8, 161).  This application was denied initially and again upon reconsideration.  (Tr. 52-53).

Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

request was granted. (Tr. 59-60, 70-104). Plaintiff's administrative hearing was held on November 22, 2010 in Little Rock, Arkansas. (Tr. 30-51). Plaintiff was present and was represented by Denver Thornton in this matter. *Id.* Plaintiff and Vocational Expert ("VE") Mack Welch testified at this hearing. *Id.* As of the date of this hearing, Plaintiff was fifty-five (55) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(e) (2008). (Tr. 32). Further, Plaintiff testified she had completed high school and attended one year of vocational schooling. (Tr. 32-33).

On December 20, 2010, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 8-14). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2014. (Tr. 10, Finding 1). The ALJ determined Plaintiff had engaged in Substantial Gainful Activity ("SGA") since July 31, 2009, her alleged onset date. (Tr. 10, Finding 2). The ALJ determined Plaintiff had the following severe impairments: polyneuropathy, obstructive sleep apnea, fibromyalgia, back pain, and hypertension. (Tr. 10, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 10, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 10-13, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds the claimant has residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she can sit just 2 hours in an 8 hour workday; stand/walk 6 hours in an 8 hour workday; lift/carry 20 pounds occasionally and 10 pounds frequently; and push/pull 20 pounds occasionally and 10 pounds frequently. She can

>occasionally climb, balance, stoop, bend, crouch, kneel, and crawl. Finally, the claimant must avoid excessive exposure to chemicals, noise, humidity, dust, fumes, temperature extremes, vibrations, gasses, and other pulmonary irritants.

*Id.*

The ALJ also evaluated Plaintiff's Past Relevant Work ("PRW") and found her PRW included work as a quality control clerk (light, semi-skilled). (Tr. 13, Finding 6). The VE testified at the administrative hearing on this issue. (Tr. 13, 48-50). Based upon her RFC and the VE's testimony, the ALJ determined Plaintiff did not retain the capacity to perform her PRW. (Tr. 13, Finding 6). The ALJ then evaluated whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy considering her age, education, work experience, and RFC. (Tr. 13-14, Finding 10). The ALJ heard testimony from the VE on this issue as well. (Tr. 13-14, Finding 10). Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform work as a quality control inspector (sedentary, semi-skilled) with 1,100 such jobs in the state, 64,000 such jobs in the region, and 320,000 such jobs in the nation. (Tr. 14). Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from July 31, 2009 through the date of his decision or through December 20, 2010. (Tr. 14, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 19-20). *See* 20 C.F.R. § 404.968 (2011). The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On August 18, 2011, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on September 6, 2011. ECF No. 3. Both Parties have filed appeal briefs. ECF Nos. 5-6. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In her appeal brief, Plaintiff raises the following three arguments for reversal: (1) the ALJ did not appreciate the nature and extent of her impairments or adequately consider her impairments in combination; (2) the ALJ performed an improper *Polaski* evaluation; and (3) the ALJ provided an improper hypothetical to the VE. ECF No. 5. Because this Court agrees with Plaintiff's second argument and finds the ALJ improperly performed a *Polaski* evaluation and improperly evaluated her subjective complaints, this Court will only address the second issue Plaintiff raised.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and

20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

*See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with *Polaski*. (Tr. 13). Although it appears from the ALJ's opinion that he thoroughly reviewed the evidence as required by *Polaski*, he did not provide sufficient reasons for discounting Plaintiff's subjective complaints. *Id.* The ALJ provided the following reasons for discounting Plaintiff's subjective complaints:

> First, there is no evidence of any health care provider restricting the claimant from all work activity. Second, Dr. Vora's notes indicate the claimant's sleep apnea symptoms have improved with treatment. Third, testimony disclosed she only took hypertension medication through 2009. Fourth, the claimant performs a wide range of daily activities including shopping, watching television, laundering clothes, drying, paying bills, visiting, eating junk food, and attending church services twice a week. The performance of these activities discredit the claimant's allegations. Finally, the claimant acknowledges collecting unemployment benefits and actively seeking employment.

(Tr. 13).

For the first finding, the ALJ discounted Plaintiff's subjective complaints because there was "no evidence of any health care provider restricting the claimant from all work activity." (Tr. 13). However, despite this finding, there is no indication the ALJ ever questioned or directed any interrogatories toward Plaintiff's health care providers regarding her work restrictions. Based upon the facts of this case, the ALJ should have at least done so prior to discounting her subjective complaints on this basis.

Notably, Plaintiff's medical records demonstrate she is in chronic pain. (Tr. 311). She has been repeatedly diagnosed with joint pain, and her treating physician found on several occasions her fibromyalgia trigger points were tender. (Tr. 311, 313, 317). After reviewing these records, it appears that had her treating physician been given the opportunity of placing work restrictions on Plaintiff, he would have at least placed some restrictions on her. Thus, this Court finds the ALJ

should not have discounted Plaintiff's subjective complaints based upon this finding.

Second, the ALJ discounted Plaintiff's subjective complaints because her sleep apnea symptoms had improved with treatment. (Tr. 13). Dr. Shailesh C. Vora, M.D. treated Plaintiff for her sleep apnea. (Tr. 247-252, 350-382). The last treatment record from Dr. Vora that is included in the record is dated September 24, 2010. (Tr. 351-353). This record does reflect Plaintiff was "doing better with medication," but Dr. Vora also reported on that date that Plaintiff had "[p]oor quality of sleep" and suffered from "[r]educed sleep due to pain." (Tr. 351). Thus, simply because Plaintiff's sleep apnea *improved* with treatment does not indicate her sleep apnea had improved significantly such that she did not have work limitations due to that impairment. Accordingly, the ALJ erred by basing his credibility determination upon this finding.

Third, the ALJ discounted Plaintiff's subjective complaints because her "testimony disclosed she only took hypertension medication through 2009." (Tr. 13). The ALJ does not provide any reference to the part of the transcript wherein Plaintiff testified she stopped taking her blood pressure medication in 2009. Indeed, during the administrative hearing in this matter, Plaintiff testified she took a "blood pressure pill or two." (Tr. 42). Plaintiff's medication list she submitted also states she is taking the blood pressure medication Lisinopril, and the ALJ even noted in his opinion that Plaintiff was reportedly taking this medication. (Tr. 12). Thus, this Court finds the ALJ's third reason for discounting Plaintiff's subjective complaints is not supported by the record.

Fourth, the ALJ discounted Plaintiff's subjective complaints because she performs a "wide range of daily activities." (Tr. 13). The ALJ characterizes these tasks as "shopping, watching television, laundering clothes, driving, paying bills, visiting, eating junk food, and attending church services twice a week." *Id.* Plaintiff submitted a "Function Report" wherein she stated her daily

activities, and based upon that report, this Court finds the ALJ has mischaracterized those activities. (Tr. 179-186). In this report, Plaintiff emphasized the fact she performs these activities as she is able to tolerate (based upon her pain) and cannot consistently do anything more than stay at her house. (Tr. 179-186). Certainly, these daily activities cannot be characterized as a "wide range." As such, the ALJ's fourth reason for discounting Plaintiff's subjective complaints is not fully supported by the record.

Fifth, the ALJ discounted Plaintiff's subjective complaints because she has been receiving unemployment benefits and has been seeking employment in order to collect those benefits. (Tr. 13). Plaintiff does not dispute that she has collected unemployment benefits. (Tr. 33-35). Standing alone, Plaintiff's collection of unemployment benefits is not a sufficient reason to discount her subjective complaints. *See Cox v. Apfel,* 160 F.3d 1203, 1208 (8th Cir. 1998) (finding the negative impact of accepting unemployment benefits "cannot be uniformly or automatically applied in every case" and is "not sufficient, of itself, to negate the claimant's credibility"). As outlined above, because the ALJ's other reasons for discounting Plaintiff's subjective complaints are not supported by the record, this Court finds Plaintiff's mere collection of unemployment benefits does not support the ALJ's credibility determination.

As a final point, the ALJ should have more fully considered Plaintiff's work history. Plaintiff testified at the administrative hearing that she worked at Conagra for 33 years prior to being terminated. (Tr. 38). Such a work history certainly bolsters Plaintiff's credibility considerably. *See Polaski*, 739 F.2d at 1321 (recognizing that when relevant, a claimant's prior work record is an additional consideration that should be evaluated when addressing claimant's subjective complaints). For the reasons outlined above and because the ALJ's credibility determination is not supported by

9

substantial evidence in the record, the ALJ's decision must be reversed and remanded.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 11th day of July 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE